| ¶ LEMMON, J.,
Dissenting.
I vote to grant the motion for clarification.
Contrary to the apparent impression of both sides, this court did not rule on the merits of Exxon Corporation’s application for supervisory writs, but rather ordered the trial court on June 16, 1999 to review the transcript of the ex parte proceeding to determine, if it had not already done so, whether any material therein was privileged.
In response to our order, the trial court ruled that the evidence presented at the ex parte hearing was subject to the attorney-client privilege, but that Exxon had waived the privilege and plaintiffs were entitled to review the materials. However, the trial *614 court did not release the transcript, apparently because our order gave the impression that this court would take further action on Exxon’s application after the trial court’s review of the transcript.[1]
Both sides are apparently unsure of the next step in the proceeding, particularly in view of the trial court’s observation in the July 14 proceeding, in discussing its ruling on privilege and waiver in response to our June 16 order, that “apparently the Supreme Court has all that under consideration.” Because of this [^confusion, I would supplement and further clarify our June 16 order by reviewing the transcript of the ex parte proceeding (after offering each side an opportunity to file additional briefs regarding the trial court’s ruling on Exxon’s waiver of the privilege), and would then rule on the issues of privilege and waiver.

. Although this court did not expressly grant Exxon’s original request for a stay order, the trial court reasonably believed that it should not take further action beyond answering the issue raised in our June 16 order,